**Date Signed:**
**September 2, 2015**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>MIGUEL ALFONSO RAMIREZ and<br>VALERIE SHAFFER DE RAMIREZ,<br><br>        Debtors. | Case No. 14-00239<br>Chapter 7 |
| 1726, INC., a Hawaii corporation, et al.<br><br>        Plaintiffs,<br><br>  vs.<br><br>MIGUEL ALFONSO RAMIREZ and<br>VALERIE SHAFFER DE RAMIREZ,<br><br>        Defendants. | Adv. Pro. No. 14-90039<br>Lead Case<br>(Consolidated with:<br>Adv. Pro. No. 14-90025<br>Adv. Pro. No. 14-90027)<br><br><br><br>Re: Docket No. 139 |

### MEMORANDUM OF DECISION ON PLAINTIFF'S REQUEST FOR AWARD OF ATTORNEYS' FEES AND COSTS

On July 21, 2015, I made my findings and conclusions pertaining to all claims

and directed counsel for plaintiff 1726, Inc. ("1726"), to submit a proposed judgment.[1]

When defendants Miguel and Valerie Ramirez objected to the proposed form of judgment submitted by the plaintiff, I ordered 1726 to file a declaration setting forth its interest calculations and time records to support the attorneys' fees request.[2] After reviewing the parties' declarations and evidence, I conclude that TBLM's attorneys' fees and costs are reasonable and 1726 is entitled to shift the attorneys' fees and costs to the Ramirezes, and that 1726's interest calculations are correct.

## FACTS

I found that the defendants' company, Pintor, owed 1726 principal in the amount of $391,693.18, interest in the amount of $465,719.51, and reasonable attorneys' fees and costs.[3]

1726 says that its attorneys billed 1726 for attorneys' fees in the amount of $216,654.74 (after a 16% discount),[4] costs in the amount of $30,080.23, and $11,626.17 for general excise tax on its attorneys' fees and costs.[5] The total attorneys'

---

[1] Dkt. 133.

[2] Dkt. 139.

[3] Dkt. 133 at 10.

[4] Dkt. 146 at 3.

[5] *Id.*

2

U.S. Bankruptcy Court - Hawaii   #14-90039   Dkt # 150   Filed 09/02/15   Page 2 of 5

fees, costs, and taxes billed by 1726's counsel is $258,361.14.[6]

1726 also says that the amount of interest set forth in the findings was correct as of the date of the Ramirezes' bankruptcy petition, and that additional interest, in the amount of $187,010.25, accrued from the petition date to July 20, 2015.

STANDARD

Hawaii law partially abrogates the so-called American rule, which prevents one party from collecting its attorneys' fees from another party except in limited circumstances. Hawaii law provides that:

> In all courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, to be paid by the losing party . . ., a fee that the court determines to be reasonable . . . .[7]

Assumpsit is "'a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations.'"[8]

---

[6] *Id.*

[7] Haw. Rev. Stat. § 607-14.

[8] *TSA Int'l Ltd. v. Shimizu Corp.*, 92 Haw. 243, 264, 990 P.2d 713, 734 (1999)(*quoting Schulz v. Honsador*, 67 Haw. 433, 435, 690 P.2d 279, 281 (1984)).

U.S. Bankruptcy Court - Hawaii   #14-90039   Dkt # 150   Filed 09/02/15   Page 3 of 5

DISCUSSION

**I. The Attorneys' Fees, Costs, and General Excise Tax are Reasonable.**

I have independently reviewed the billing statements submitted by 1726's counsel, and I am satisfied that $216,654.74 for attorneys' fees, $30,080.23 for costs, and $11,626.17 for general excise tax is a reasonable amount. Based on the time records, the declarations, and my personal observation of the case as it was litigated, I am satisfied that the services were reasonably rendered. The hourly rates charged are reasonable and commensurate with the experience and expertise of the billing professionals and community standards.

The Ramirezes argue that it is improper to charge tax on costs and filing fees, as TBLM has done in its invoices,[9] but they offer no authority for this argument. Therefore, I find the $11,626.17 for general excise tax a reasonable amount.

I find that 1726 is entitled to attorneys' fees, costs, and general excise tax in the amount of $258,361.14.

**II. Mr. Glen's Interest Calculation of $187,010.25 is Proper.**

Mr. Glen's interest calculation depicts the interest charged on the $391,693.18 loan amount at 2.85% per month, from February 2014 through July 2015, totaling $187,010.25.[10] The Ramirezes argue that the correct amount of interest is

---

[9] Dkt. 149 at 2.

[10] Dkt. 145-2 at 2.

U.S. Bankruptcy Court - Hawaii  #14-90039  Dkt # 150  Filed  09/02/15  Page 4 of 5

$22,447.62. They apparently base this calculation on the theory that 1726 is not entitled to monthly interest, but rather to a one-time charge of 2.85%. I found, however, that the parties agreed to interest at 2.85% per month, not a one-time charge. Therefore, Mr. Glen's interest calculation is correct.

## CONCLUSION

1726 is entitled to attorneys' fees, costs, and general excise tax in the amount of $258,361.14. Further, the amount of interest owed to 1726 by the Ramirezes is $465,719.51 as of the petition date plus $187,010.25 from the petition date to July 20, 2015. Judgment will enter accordingly.

## END OF ORDER

U.S. Bankruptcy Court - Hawaii   #14-90039   Dkt # 150   Filed  09/02/15   Page 5 of 5